IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID LAMAR JOHNSON, SR., | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05cv281-F |
| | ) | |
| WACHOVIA BANK, NATIONAL ASSOCIATION, | ) | (WO) |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a Motion to Dismiss or in the Alternative Compel Arbitration (Doc. # 12) filed by Defendant Wachovia Bank, National Association ("Wachovia"). Plaintiff David Lamar Johnson filed his complaint in federal court alleging a number of claims stemming from certificate of deposit and loan transactions Johnson attempted to execute at a branch of Southtrust Bank.[1]

After a careful review of the parties' submissions, the court recommends that the Defendant's Motion to Dismiss be granted because this court lacks subject matter jurisdiction over the controversy under the *Rooker-Feldman* doctrine.

**MOTION TO DISMISS STANDARD**

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil

[1] Since this suit was filed, Southtrust Bank merged with Wachovia Bank, N.A. The defendant requested that the style of this case reflect this change.

Procedure requires the court to examine whether it has the jurisdiction to hear a party's case on the merits. Attacks on subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure come in two forms: "facial attacks" and "factual attacks." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial attacks on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), *cert. denied*, 449 U.S. 953 (1980)) (*citing Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* The Eleventh Circuit requires that "[a] federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction . . . and facts outside of the pleadings may be considered as part of that determination." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).

**FACTUAL AND PROCEDURAL BACKGROUND**

Johnson opened a certificate of deposit at Wachovia with funds deposited from his lawyer's trust account. He planned to use the certificate of deposit as collateral to secure and execute a loan. When Johnson arrived to pick up the proceeds from the loan secured

by the certificate of deposit, Wachovia refused to release any funds to Johnson. Instead, Wachovia cancelled the loan and returned the funds from the certificate of deposit to the lawyer's trust account. Johnson alleges that Wachovia wrongfully withheld his money from both the loan and the certificate of deposit.[2]

The facts at issue in this case were the subject of a state lawsuit filed on June 19, 2003 styled *David Lamar Johnson, Sr. v. SouthTrust Bank, Inc., Southtrust Bank (Dothan)*, Circuit Court of Houston County, Ala. Case No. CV 03-477J. In that case, Johnson also sought return of his funds stemming from this same series of transactions. On November 13, 2003, the state court granted defendant's motion to compel arbitration, and the parties submitted their dispute to binding arbitration. When the arbitrator ruled against Johnson, he returned to state court and moved for a trial there, hoping to set aside the outcome of the arbitration. Instead, the state court dismissed his case, refusing to disturb the arbitrator's decision. On October 18, 2004, Johnson filed a notice of appeal with the Alabama Court of Civil Appeals. After the state appeals court granted Johnson two extensions to file his brief and denied a third, it dismissed Johnson's appeal for failure to prosecute and entered judgment in favor of Wachovia on March 1, 2005. On March 28,

---

[2]Wachovia alleges that the certificate of deposit/loan arrangement was executed pursuant to an agreement between Wachovia and Johnson's lawyer, in which Johnson agreed to use the proceeds of the loan to pay off legal debts. Wachovia halted the transaction when there was suspicion that Johnson did not intend to use the funds to pay legal debts. The disparity between Johnson's version of the facts and Wachovia's version of the facts is the issue in this case.

2005, Johnson filed this lawsuit in federal district court.

In his state court case, Johnson alleged the following violations of "Alabama Statutes and Codes given in a Alabama Judicial Circuit Court in a Civil Action and of the State of Alabama Law," without stating which particular codes were at issue:

> Causes of action [sic] Written Contract, Action for Money Had and Received, Specific Performance of Contract for Personal Property, Conversions, Fraud, Action on a Promissory Note, Action for Money Lent, Breach of Contract arising from bank failure to act in Good Faith and Negligent Misrepresentation against Defendants Southtrust Bank Inc. / Southtrust Bank (Dothan).

Johnson's state court complaint also alleged a violation of his First and Seventh Amendment rights under the United States Constitution. Johnson's state court prayer for relief sought, *inter alia*, a declaratory judgment that Defendant had violated "F.D.I.C. standard [sic]" and an injunction against the Defendants to keep them from "continuing to violate others banking policies of those that are established by the F.D.I.C."[3]

In this federal court case, Johnson alleges a similar range of claims pursuant to unspecified federal statutes:

> Negligent [sic]; Fraud; Breach of Contract; Action On a Written and Legal Contract (Promissory Note) and other legal documents that Is [sic] part the [sic] promissory note contract; Money had and received; Action of a Complaint for Specific performance of a contract of personal property; Conversions [sic]; Money Lent; Mis-Representation of a contract and

[3]The F.D.I.C. is the Federal Deposit Insurance Corporation.

fiduciliary [sic] duty; and negligence not acting in good faith.

Johnson also seeks, *inter alia*, an injunction barring Wachovia from "continuing to violate . . . policies of the United States that are secured by the F.D.I.C."

DISCUSSION

The court must first examine whether it has the jurisdiction to hear this claim before it can consider the merits of the case. The *Rooker-Feldman* doctrine, named to reflect the holdings in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476-82 (1983), "places limits on the subject matter jurisdiction of federal district courts and courts of appeals over certain matters related to previous state court litigation." *Goodman,* 259 F.3d at 1332 (11th Cir. 2001). Specifically, the *Rooker-Feldman* doctrine provides that "federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *See Feldman,* 460 U.S. at 476-82, 486; *Rooker,* 263 U.S. at 415-16; *see also Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.,* 535 U.S. 635, 644 n. 3, (2002); *Narey v. Dean,* 32 F.3d 1521, 1524-25 (11th Cir. 1994).

The doctrine applies where "(1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court

was either adjudicated by the state court or was inextricably intertwined with the state court's judgment." *Schiavo ex rel. Schindler v. Schiavo*, 404 F.3d 1270, 1272 (11th Cir. 2005) (*quoting Amos v. Glynn County Bd. of Tax Assessors,* 347 F.3d 1249, 1265 n. 11 (11th Cir. 2003) (internal citations omitted)).

The court concludes that the *Rooker-Feldman* doctrine applies to this case for several reasons. First, the parties are the same in both the state and federal suits. Johnson was the state plaintiff and, although the corporate name of the defendant changed when SouthTrust Bank merged with Wachovia, the entities of Southtrust Bank and Wachovia are in privity.

Second, the prior state ruling was conclusive on the merits. Whether this court looks to the state court's order to compel arbitration, or the order dismissing Johnson's motion to set aside the arbitration award and conduct a trial, either ruling is a conclusive judgment on the merits, as each is an appealable order of a state court of competent jurisdiction. *See Gayfer Montgomery Fair Co. v. Austin*, 222 F. Supp. 2d 1292, 1294 (2002) (holding that the denial of a motion to compel arbitration "can be the basis of the application of the *Rooker-Feldman* Doctrine"). The dismissal by the state appeals court for failure to prosecute is also a conclusive judgment.

Third, Johnson had a reasonable opportunity to raise his federal claims in state court. Johnson's federal complaint includes general allegations which are similar to

those in his state case as well as violations of the Federal Deposit Insurance Corporation Act ("F.D.I.C.A."). 15 U.S.C. § 1833a. The main difference between the two complaints is that Johnson's federal complaint alleges that the claims represent violations of unspecified portions of "the United States Federal and Codes [sic] as well as the F.D.I.C."[4] while his state court complaint allege that those same actions violated unspecified "Alabama Statutes and Codes given in a Alabama Judicial Circuit Court in a Civil Action and of the State of Alabama Law." It is possible that these claims are identical. Even if the court considers the claims as separate federal and state claims, Johnson had a reasonable opportunity to raise the federal claims in state court, although he chose not to do so.

Johnson alleges new claims under the F.D.I.C.A. in his federal complaint, but he is precluded from bringing these claims in either state court or federal court. The F.D.I.C.A. provides that "a civil action to recover a civil penalty under this section shall be commenced by the Attorney General" and "there is no basis for inferring that the Act creates an implied private cause of action." 12 U.S.C. § 1833a(d); *Strecker v. LaSalle Bank, N.A.*, 2004 WL 2491596, *2 (W.D.Wis. November 3, 2004). Therefore, Johnson cannot bring claims under the F.D.I.C.A. in either forum, and there is no reason for this court to hold that Johnson requires a federal forum for these claims.

---

[4]The court assumes that Johnson is referring to the F.D.I.C.A.

Finally, even if the federal claims in this suit are deemed to be different from the claims in the state court, each of the allegations in Johnson's federal lawsuit was either "adjudicated by the state court or was inextricably intertwined with the state court's judgment." *See Schiavo*, 404 F.3d 1270 at 1272. "A federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" *Siegel v. Lepore,* 234 F.3d 1163, 1172 (11th Cir. 2000) (*en banc*) (*citation omitted)*. Claims that are inextricably intertwined with the state court's judgment are also barred "even if the plaintiff failed to raise the federal issue in the state court." *See Wood v. Orange County,* 715 F.2d 1543, 1546 (11th Cir. 1983); *see also Liedel v. Juv. Court of Madison County, Ala.,* 891 F.2d 1542, 1545 (11th Cir. 1990). In fact, the *Rooker-Feldman* doctrine is "broad enough to bar all federal claims which were, or should have been, central to the state court decision, even if those claims seek a form of relief that might not have been available from the state court." *Goodman,* 259 F.3d at 1333.

All of Johnson's claims in this case were either adjudicated in state court, or are inextricably intertwined with the rulings in the state court and cannot be adjudicated by this court without re-examining the decisions of the state court. In the state court, Johnson challenged Wachovia's disposition of a deposit and loan transaction that Johnson wanted to execute. The state court compelled arbitration and upheld the

arbitration award. Johnson appealed in the state court, although his appeal was dismissed for lack of prosecution.

In federal court, Johnson is challenging the same issue based on the same facts and requesting relief based on his allegation that Wachovia wrongfully withheld funds from him. In this lawsuit, Johnson seeks to challenge rulings and re-litigate issues concerning the legality of the actions of Wachovia which were decided adversely to Johnson in an arbitration proceeding, a state court lawsuit, and a state court appeal. Relying on the very same facts as Johnson did in the state court cases, he demands the return of monies he alleges are due to him, just as he did in state court.

All of Johnson's claims necessarily are premised on the contention that the state court judges who ruled against Johnson were wrong and that Johnson should have prevailed. Thus, all of Johnson's claims are either collateral attacks on adverse rulings by state court judges or claims wholly dependent on issues which are "inextricably intertwined" with the judgment of those state court judges. Consequently, all of Johnson's claims must be dismissed pursuant to the *Rooker-Feldman* doctrine.[5]

**CONCLUSION**

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge that:

---

[5]The court does not reach the remaining grounds for dismissal proffered by defendant.

(1) The defendant's Motion to Dismiss (Doc. # 12) be GRANTED and all of Plaintiff's claims in this action be DISMISSED WITHOUT PREJUDICE because this court lacks subject matter jurisdiction.

(2) Both the Alternative Motion to Stay and Motion to Compel (Doc. #12) be DENIED as MOOT.

(3) The plaintiff's Motion to Amend (Doc. # 24) be DENIED as MOOT. While the court is required – by Eleventh Circuit case law and by Rule 15(a) of the Federal Rules of Civil Procedure – to allow liberal amendment of pleadings, "a court may consider the futility of the amendment." *Grayson v. K-Mart Corporation*, 79 F.3d 1086, 1110 (11th Cir. 1996)(citations omitted). Since the court is without jurisdiction to hear this case, plaintiff's attempt to amend the complaint is futile.

(4) The plaintiff's motion for a pre-trial conference and trial by jury (Doc. # 25) be DENIED as MOOT.

(5) The plaintiff's motion for summary judgment in his favor on the merits of his claims (Doc. # 25) be DENIED, as this court lacks jurisdiction to entertain those claims.

Additionally, it is ORDERED that:

The parties shall file any objections to this Recommendation on or before September 5, 2005. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

DONE, this 23rd day of August, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE